IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br><br><br>        vs.<br><br><br>MATTHEW SCOTT SIMPSON,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION<br><br><br><br><br>Case No. 2:08-CR-733 TS |

## I.  Introduction

This matter came before the Court on January 4, 2010, for a hearing on Defendant's Motion to Reopen Detention Hearing under 18 U.S.C. § 3142(f), alleging that there is information that was not known to him at the time of his earlier detention hearing that has a material bearing on whether there are conditions of release that will reasonably assure his appearance as required and the safety of the community.

The Court finds that Defendant has not shown that the detention hearing should be reopened, and even if it were, the Court would have to find that the record supports continued detention because there are no conditions of release that will reasonably assure

1

the safety of the community.

## II. Background

Defendant was arrested and made his initial appearance on the present charges on November 17, 2008, and an Order of Temporary Detention was entered. At that time, Defendant was in the primary custody of the State of Arizona,[1] for what Defendant characterizes as a "parole hold."[2]

On December 10, 2008, the Magistrate Judge held a detention hearing and ordered Defendant detained. Significantly, the Magistrate Judge found probable cause to believe that the defendant committed an offense for which the maximum sentence is imprisonment for ten years or more under 21 U.S.C. §841(b)(1)(B). That finding raised a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant or the safety of the community. The Magistrate Judge found that the presumption had not been rebutted by the Defendant.

Defendant did not contest that original order of detention. Instead, he now contends that detention should be reopened under 18 U.S.C. § 3142(f) based on new information not known at the time of the prior hearing.

## III. Discussion

A review of detention based on new information is governed by the standards set forth in § 3142.[3] Under that statute, an accused is ordinarily entitled to pretrial release,

---

[1]Docket Nos. 10 and 11.

[2]Docket No. 50 ¶ 10.

[3]18 U.S.C. § 3142.

with or without conditions, unless the Court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."[4]  Subsection (g) of § 3142 sets forth the general factors—sometimes referred to as the subsection (g) factors—that the Court is to consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ."  They include the nature and circumstances of the charged offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger posed by the person to the community upon release.[5]

However, as noted above, in certain kinds of cases, a presumption arises.  Under subsection (e)(3)(A) of § 3142, "[s]ubject to rebuttal by the person, it shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed — (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the controlled Substances Act (21 U.S.C. § 801, et seq.)."[6]

"The concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather 'refers to the danger that the defendant might engage in

---

[4]18 U.S.C. § 3142(b),(c), and (e).

[5]18 U.S.C.  § 3142 (g).

[6]18 U.S.C.  § 3142 (e)(3)(A).

3

criminal activity to the detriment of the community.'"[7]

> Once the presumption is invoked, the burden of production shifts to the defendant.  However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government.  The defendant's burden of production is not heavy, but some evidence must be produced.  Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.[8]

Defendant is charged under 21 U.S.C. § 841(a)(1), the Controlled Substances Act, with possession with intent to distribute 50 grams or more of a mixture containing a detectable amount of methamphetamine and, under 21 U.S.C. § 841(B)(1)(B), faces a ten-year minimum mandatory sentence.  Accordingly, having found there is probable cause, the Magistrate Judge correctly determined that there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community.  Defendant acknowledges that rebuttable presumption, but argues that under § 3142 (f) there is new material information sufficient to reopen the detention hearing.

Under subsection (f), a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.[9]

---

[7] *United States v. Boy*,  322 Fed. Appx. 598, 600 (10th Cir. 2009) (quoting *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)).

[8] *United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991).

[9] 18 U.S.C. § 3142(f).

4

Defendant proffers the following as new information that has a material bearing on the issue of whether there are conditions of release that will reasonably assure his appearance and the safety of the community: (1) defendant was released from his Arizona parole, and therefore his Arizona parole hold is no longer an obstacle to release; (2) his Motion to Suppress was denied; and (3) his family circumstances have changed in that he has a new grandchild and his parents' health is deteriorating.

The government argues that the same reasons that supported the initial detention, including Defendants criminal history, his drug related activity, and the weight of the evidence still support detention. In particular, the government points to the fact—undisputed by defendant for this Motion—that at the time of his arrest he was found in possession of a total of 116 grams of a substance containing methamphetamine, which was divided into 6 or 7 baggies. The government also argues that the evidence revealed at the Motion to Suppress evidentiary hearing supports its position that Defendant is a danger to the community

At the hearing, the parties argued the applicability of the factors set forth in subsection (g) to § 3142, the general factors the Court is to consider "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community . . ."  However, the Court finds that subsection (f) requires Defendant, as movant, first show that his proffered information is both new and material before the Court reopens the detention hearing.

Thus, the Court first considers whether defendant has shown that the detention

should be reopened based on facts that (1) were not known to him at the time of the original detention order and (2) are material to the issues of assuring his appearance as required and the safety of the community.

Defendant first argues that his release from his parole by the State of Arizona in April 2009 is a new information that is material. The Court agrees it is new information, but finds that Defendant has not shown how his release from an Arizona hold is material to either assuring his appearance or assuring the safety of the community. While the Magistrate Judge noted the hold, it does not appear that the hold was material to the decision to detain Defendant.

In making this argument, Defendant also attempts to argue that he always appeared as required in previous cases. In support, he proffers that he posted a bond in his related Utah state case, and that the Utah state case was subsequently dismissed on March 31, 2008, without him ever having failed to appear. That may be true, however, the facts that he has never before failed to appear in a court case and that the Utah case was dismissed in March 2008 were all information known at the time of the last hearing.

Defendant next argues that the order denying his motion to suppress is new information that is material to detention. In support, Defendant cites a District of Kansas case, *United States v. Shareef*,[10] holding that the *granting* of a motion to suppress the evidence against a defendant was information not known to the movant at the time of the

---

[10]907 F.Supp. 1481 (D. Kan. 1995). *But see United States v. Cos*, 198 Fed. Appx. 727 (10th Cir. 2006) (holding that in making a determination under § 3142(f), it was appropriate for the court to "downplay the significance of" its suppression order by noting that the suppressed evidence was still available as possible evidence).

hearing that has a material bearing on issues of conditions of release and safety of community.[11]

However, *Shareff* is not applicable to this case.  First, *Shareff* did not involve the rebuttable presumption of detention, a significant consideration in this case.  Second, in *Shareff* the court suppressed all of the evidence against the moving defendant and the government both filed an interlocutory appeal and conceded that if it did not prevail on appeal, it would have to dismiss the charges.   Thus, the order suppressing evidence in *Shareff* went to the court's determination of the factor of the weight of the evidence against the defendant.

In contrast, in the present case, the ruling on the motion was in favor of the government, meaning the weight of the evidence against the defendant remains unchanged since the last detention hearing.  Defendant has not shown how the denial of his motion to suppress has a material bearing on the issues specified under subsection (f).

Defendant also proffers two recent changes in his family life as new information.  Those changes are his parents' declining health and the recent arrival of first grandchild, born to his adult child.  He argues it has a material bearing because he is a major source of support for his parents and adult child by providing manual labor.  He argues that these facts, combined with the facts that he had one or more small businesses, that he worked on the ranch where he resided, that he has limited financial resources, and that he has lived his "entire life" on the same ranch in a small community in Arizona make it likely that

---

[11]*Id*. at 1483.

he will appear as required.  These facts, how Defendant made a living, his limited financial resources, and his long-established residence, and family and community ties, were all known at the time of the original hearing.

The declining health of family members and the arrival of a grandchild is new information, however, while such family ties may have a bearing on the likelihood he will appear, the Court finds that the information does not have a material bearing on whether there are conditions of release that will reasonably assure the safety of the community. According to Defendant's proffer, he previously worked providing manual labor on his family's ranch.  It is an unfortunate reality that a defendants' family may be disadvantaged by a defendant's pretrial detention. However, a moderate or even a major increase in the level of Defendant's family responsibilities resulting from his parents' declining health has not, in the circumstances of this case, been shown to have a material bearing on whether there are conditions of release that will assure the safety of the community.

In sum, the Court finds that Defendant, as movant, has not shown information that was not available at the prior hearing that is also material to the issue of detention.

Further, even if the Court were to reopen the hearing, it could not find in favor of Defendant on the current record.  There is information, presented at the original hearing, and further amplified at the present hearing, that would suggest that there may be some conditions that would reasonably ensure his appearance as required.  As discussed, that information relates to his history and characteristics such as his community ties, employment, lack of financial resources, and prior record of appearances at court proceedings.  However, the information relevant to the safety of the community is to the

contrary.

Defendant argues that the safety of the community is not at risk because he is not a violent person and there is no direct evidence, such as a statement from any person, that he intended to distribute the large amount of methamphetamine found on his person.  The government counters that Defendant's criminal history includes crimes of violence, and that the quantity and packaging of the drugs suggests distribution.

The Court finds, as pointed out by the government, Defendant's criminal history does include convictions for crimes of violence such as robbery with a weapon.  While some convictions are old, there is a steady history up through the present.  There is no information that many of the more recent charges (other than the Arizona hold) have been resolved.

The Court finds that several factors support the government's position that no condition or combination of conditions will ensure the safety of the community. That information includes the nature and circumstances of the offense charged, including that it involves a controlled substance, the weight of the evidence, certain aspects of Defendat's history and characteristics, such as his criminal history, that he was on parole at the time of the current alleged offense, his history relating to drug abuse, and the nature and seriousness of the danger to the community if he should be released.

As to the weight of the evidence, for purposes of this motion, Defendant disputes that the government can show his possession was with intent to distribute.  However, contrary to Defendant's argument, direct evidence of intent is not required for a strong case.  Instead, a jury can infer intent to distribute from such factors as the quantity of

9

drugs.[12]  Based on the current record, the Court would have to find that the government has met its burden of persuasion regarding danger to the community and that nothing Defendant proffered rebutted the presumption that there is no condition or combination of conditions that will reasonably assure the safety of the community.

IV.  Order

Based on the foregoing, it is therefore

ORDERED that Defendant's Motion to Reopen Detention Hearing (Docket No. 50) is DENIED. It is further

ORDERED that the time from the filing of this Motion through the date of this Order is excluded from the calculation of the time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(1)(d).

DATED  January 7, 2010.

BY THE COURT:

_____

TED STEWART
United States District Judge

---

[12]*See, e.g., United States v. Gambino-Zavala*, 539 F.3d 1221 (10th Cir. 2008) (holding that "a jury may infer intent to distribute from the possession of large quantities of drugs").

10