IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW SIMPSON,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S PETITION FOR RESENTENCING AND ORDER REQUIRING PROBATION DEPARTMENT TO AMEND THE DEFENDANT'S PRESENTENCE REPORT SO IT CONFORMS TO THE FACTS<br><br><br>Case No. 2:08-CR-733 TS |

This matter is before the Court on Defendant's Petition for Resentencing and Order Requiring Probation Department to Amend the Defendant's Presentence Report so it Conforms to the Facts. In his Motion, Defendant takes issue with the Bureau of Prison's ("BOP") determination concerning sentence credit and his ability to participate in the RDAP drug treatment program.

1

## I. BACKGROUND

On August 2, 2010, Defendant was sentenced to serve 90 months custody in the BOP. At his sentencing, the Court stated its wish that Defendant be enrolled in the RDAP program. Defendant now represents that he has not been given appropriate credit for time he has served and that the BOP has not allowed him to enroll in the RDAP program.

## II. DISCUSSION

Credit for time served in official detention prior to imposition of a federal sentence is governed by § 3585(b). That section allows a federal defendant to be given credit toward his federal term of imprisonment for time spent in official detention prior to commencement of his federal sentence only if that time "has not been credited against another sentence."[1] The letter from the BOP attached to Defendant's Motion indicates that the BOP refused to give credit from March 7, 2008, through June 12, 2008, because that time was applied to Defendant's state sentence. As he was given credit for this time on another sentence, § 3585(b) prohibits the BOP from crediting this time against his federal sentence. Should Defendant seek to challenge the BOP's determination, he must file a petition under 28 U.S.C. § 2241 in the district in which he is incarcerated, after he exhausts his administrative remedies with the BOP.

---

[1] 18 U.S.C. § 3585(b).

Defendant also argues that he should be entitled to enroll in the RDAP program. Defendant alleges that the BOP has refused to allow him to enroll in RDAP. Again, this claim must be brought in a § 2241 Petition after Defendant has exhausted his administrative remedies.[2]

III. CONCLUSION

It is therefore

ORDERED that Defendant's Petition for Resentencing and Order Requiring Probation Department to Amend the Defendant's Presentence Report so it Conforms to the Facts (Docket No. 121) is DENIED.

DATED November 2, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[2] See *Wilson v. Kastner*, 385 F. App'x 855, 856 n. 2 (10th Cir. 2010) (stating that a petition challenging an RDAP eligibility determination was appropriately brought under § 2241).