IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MATTHEW S. SIMPSON,<br><br>Petitioner,<br><br><br><br>vs.<br><br><br><br>A. WASHINGTON-ADUCCI, Warden<br><br>Respondent. | MEMORANDUM DECISION AND ORDER NOTIFYING PETITIONER HIS "PETITION FOR SENTENCE CREDIT AND CLARIFICATION OF FACTS OF PRIOR COURT'S RECOMMENDATION TO ENROLL IN RDAP" WILL BE CONSTRUED AS A MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, PURSUANT TO 28 U.S.C. § 2255, IF NOT WITHDRAWN; SETTING RESPONSE TIME; AND ORDERING MAILING OF INFORMATION<br><br><br><br>Civil Case No. 2:12-CV-204 TS<br><br>Criminal Case No. 2:08-CR-733 TS |

This matter is before the Court for consideration of Petitioner's Petition for Sentence Credit and Clarification of Facts of Prior Court's Recommendation to Enroll in RDAP. For the reason discussed below, the Court finds that the Petition is properly classified as a motion under 28 U.S.C. § 2255.

1

I. BACKGROUND

On October 29, 2008, Petitioner was indicted on one count of possession of methamphetamine. An Information pursuant to 21 U.S.C. § 851(a)(1) was filed on April 15, 2010.

Petitioner pleaded guilty pursuant to Fed.R.Civ.P. 11(c)(1)(C) on April 28, 2010. On August 2, 2010, the Court sentenced Petitioner to 90 months in the custody of the Bureau of Prisons ("BOP"), in accordance with the parties' plea agreement. Judgment was entered on August 9, 2010.

Petitioner timely filed a direct appeal. The Tenth Circuit dismissed Petitioner's direct appeal on August 22, 2011.

On September 19, 2011, Petitioner filed in this Court a "Petition for Resentencing and Order Requiring Probation Department to Amend the Defendant's Presentence Report so it Conforms to the Facts." On November 2, 2011, the Court issued an order construing the petition as one challenging the BOP's determination of sentence credit and enrollment in RDAP. The Court ruled that to make such a challenge, Petitioner must file a § 2241 petition in the district in which he is incarcerated.

Petitioner followed this Court's directive and filed the instant Petition in the Central District of California (the "California court"). Respondent sought dismissal, arguing that Petitioner had failed to exhaust his administrative remedies. In response, Petitioner clarified that he did not take issue with the BOP's determination of sentence credit or its determination that he

was not eligible for RDAP. Rather, Petitioner argued that he was trying to enforce a contract entered into by him and the Utah prosecutor, and that he sought amendment to his PSR.

With these clarifications, the California court found that Petitioner's claims were better brought in a § 2255 motion. As a result, the California court held that it lacked jurisdiction to consider Petitioner's claims and transferred this case to the District of Utah.

## II.  DISCUSSION

It now appears that Petitioner seeks to litigate claims—breach of the plea agreement and a challenge to his PSR—that are properly brought in a § 2255.

In construing a motion filed in a criminal case which requests relief as outlined in 28 U.S.C. § 2255, the Court is required to make Petitioner "aware of the risk associated with recharacterization" as a § 2255 motion, and obtain Petitioner's assent or, the court must "conclude[] that the [defendant's] motion can only be considered under § 2255 and offer[] the movant the opportunity to withdraw the motion rather than have it so recharacterized."[1] Petitioner must be given an "opportunity to contest the recharacterization, or to withdraw or amend the motion."[2]

Petitioner is cautioned that the recharacterization of his Motion as one under § 2255 would likely prevent the filing of a successive petition under the provisions of § 2255(h).[3]

---

[1] *United States v. Nelson*, 463 F.3d 1145, 1149 (10th Cir. 2006).

[2] *Castro v. United States*, 540 U.S. 375, 381 (2003).

[3] 28 U.S.C. § 2255(h) (requiring court of appeals certification for second or successive motions under § 2255) and Rule 9, Rules Governing Section 2255 Proceedings for the United States District Courts (requiring that Defendant obtain an order from the appropriate court of appeals prior to filing a second or successive motion under § 2255).

Petitioner is further cautioned that the time for filing a new § 2255 Motion expired one year after his conviction became final.[4]  Therefore, if Petitioner withdraws his motion, he may not be able to timely file a new § 2255 Motion.

The Court will grant Petitioner until April 2, 2012, to file one of the following: (1) a § 2255 motion using the official form that will be mailed to him; (2) an objection to the Court's recharacterization of his Motion as a § 2255 motion; or (3) a request to withdraw the Motion.  If Petitioner objects to the recharacterization, the Court will rule on the characterization issue based on such objection without further briefing.  If Petitioner files a § 2255 Motion using the official form he may also file a supporting memorandum.

### III.  CONCLUSION

Based upon the above, it is hereby

ORDERED that Petitioner shall have until April 2, 2012, to file (1) a § 2255 motion set forth in the official form that will be mailed to him; (2) an objection to the Court's recharacterization of his Motion as a § 2255 motion; or (3) a request to withdraw his Motion.  It is further

---

[4] 28 U.S.C. § 2255(f) (imposing one-year statute of limitations for filing § 2255 motions).  Petitioner's conviction became final when the time for filing a certiorari petition before the United States Supreme Court expired.  *United States v. Burch*, 202 F.3d 1274, 1279 (10th Cir. 2000).  In this case, Petitioner's appeal was denied on August 22, 2011, and, pursuant to Rule 13, Rules of the Supreme Court 13, Petitioner had 90 days thereafter to seek certiorari.  Thus, Petitioner's conviction became final on November 20, 2011.

ORDERED that the Clerk of Court mail a § 2255 pleading packet to Petitioner at the address listed on his Motion. If Petitioner chooses to utilize this packet, the Motion shall also be filed by April 2, 2012.

DATED   February 22, 2012.

BY THE COURT:

_____
TED STEWART
United States District Judge